SLOVITER, Circuit Judge,
Dissenting.
The sentencing regime under which we now operate gives discretion to the sentencing court to impose the sentence but leaves to the Court of Appeals the final decision on the reasonableness of the sentence. It is inevitable that within a panel of three circuit judges there may be one judge who has a different view of the reasonableness of a particular sentence than that of his or her colleagues. This is one such case.
I do not find any error of law in my colleagues’ opinion. I also agree with them that on resentencing the District Court did not fail to follow the mandate. As the opinion states, the District Court explained why it believed that this case warranted a sentence double the maximum suggested by the Sentencing Guidelines. The PSR stated that the Guideline range for defendant, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. Judge Schwab imposed a sentence of 144 months. It is my belief that such a sentence is unreasonable, and I would not be fulfilling my obligation if I failed to so state.
The principal reason — and indeed the only reason given by the District Court for its extreme variance from the Guidelines— was that the defendant “used his authority as a police officer in his dealings with the victim,” who was a troubled young woman. App. at 145. The difficulty with this explanation is that the applicable Sentencing Guideline already takes into account a defendant’s position of authority.[1] I agree with the Government that defendant’s conduct was reprehensible. It was not less so because the victim was a willing participant in the consensual sexual activity, and I would not be dissenting if there had been any suggestion of forcible contact. There wasn’t.
I see no reason why the defendant should be sentenced to 12 years in prison when the Guidelines are satisfied with half that amount. Therefore, I dissent.

. See U.S.S.G. § 2A3.2(b)(l) (2002) (providing for two-offense-level enhancement ”[i]f the victim was in the custody, care, or supervisory control of the defendant.”).